ARTIE DEEDS, Respondent, v. CHICAGO, BUR-
    LINGTON & QUINCY RAILWAY CO., Appel-
    lant.

**Kansas City Court of Appeals, May 15, 1911.**

1. **RAILROADS: Negligence: Experience: Hand Car: Brake.** Where the foreman of a "section gang" on a railway, who are riding on a hand, car, going at ten miles an hour, orders one of the men, who is inexperienced in the management or control of such cars, to apply the brake for the purpose of stopping, and the man in attempting to do so, using due care considering his experience, is thrown from the car and injured, the railway company is liable in damages.

2. ——: ——: ——: **Duty to Instruct.** If a master employs an adult but inexperienced servant to operate dangerous machinery with which he is unacquainted and which requires experience to operate safely, it is the duty of the master to instruct the servant how the work may be done with reasonable safety.

3. ——: ——: ——: **Evidence: Blacksmith.** Evidence that a section man on a railway had been, prior to such employment, a blacksmith, did not establish that he was a competent man to operate a brake on a hand car running on a railway at ten miles per hour.

Deeds v. Railroad.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*O. M. Spencer, Palmer Trimble* and *A. W. Mullins* for appellant.

*John W. Bingham, Edwin R. Sheetz* and *E. M. Harber* for respondent.

ELLISON, J.—Plaintiff's action was instituted to recover damages for personal injury. He obtained judgment in the circuit court.

It appears that plaintiff was an employee of the defendant railway company, as a section hand, and the other defendant, Hillingoss, was also an employee of the company as section boss, under whose immediate direction and orders plaintiff worked. The action was instituted against both defendants on the ground of negligence in both. The mishap occurred in operating a hand car along the railway track, whereby plaintiff was thrown therefrom, run over and severely injured. The negligence charged was threefold: That the car was old, worn and had an insufficient and weak brake; the incompetency of defendant Hillingoss to fill the place of foreman; that Hillingoss knowing plaintiff was inexperienced, negligently ordered him to ride on the car by the brake and to apply the same while the car was going at rapid speed.

There was evidence tending to show that plaintiff had been in the service only about two weeks prior to the day of his injury, and that he was inexperienced in the use of a hand car, and especially in the proper way to stop it by application of the brake, which was a device operated by pressure of the foot, which act would cause two wooden "shoes" to clasp a front and back wheel, between which it was constructed. Defendant denies plaintiff's inexperience, saying that he had been

a blacksmith by trade and that he had been in the employ of a railroad in a similar capacity at another time. This former employment was shown to be only about five days, several years previous. His being a blacksmith, we think, did not establish his competency or experience in operating a hand car. He had not attempted to use the brake but once before. So we dismiss the contention as to his experience with the remark that the verdict of the jury determines that, practically, he had none.

On the day of the mishap the foreman directed plaintiff to get on the car at the brake when they started from the "car house." They stopped at the depot for drinking water and then went on down the track to a crossing where they opened up some ditches, and then again boarded the car and proceeded, when presently the foreman ordered plaintiff to apply the brake, his order being to "Sock 'er down." The car was going about ten miles per hour, down grade. When plaintiff attempted to put on the brake he was by some means, not understood or explained by him, thrown off into a cattle-guard, whereby he received his injury. There is some controversy as to whether the foreman placed plaintiff at the brake and whether the order to apply it was directed to him. But the evidence abundantly justified the jury in the finding made on both these propositions. It was further shown that neither the foreman, nor any one else, ever instructed plaintiff in the use of the brake, or in the proper way to apply it when in motion. There was some evidence tending to explain that plaintiff was thrown from the car by reason of so bending his body when attempting to apply the brake that he came in contact with the fast moving handles, working up and down, which propelled the car.

In view of the foregoing, we have only to consider the criticism made of the instructions. We think they were in all respects correct as applied to the evidence.

It is well known that the law makes a distinction between a man without experience and one with experience in the operation of machinery, or doing work not commonly understood. The latter is held to a much more strict account for his actions in relation thereto than the former. It is, therefore, held to be the duty of the master to instruct the inexperienced employee as to the mode of operation and the dangers arising therein. [1 Labatt's Master and Servant, secs. 235, 236, 244; 2 Bailey's Personal Injury, secs. 2664-2666; Ross v. Walker, 139 Pa. St. 42.]

The instructions for plaintiff submitted each of these questions in such clear way as to leave no room for misunderstanding by the jury. One point of criticism is that the word "permitted" was used in connection with plaintiff being at the brake. But the word is added to the words of the foreman's order, thus: That the foreman, being aware of plaintiff's inexperience, and "so knowing, directed, caused and permitted plaintiff to perform said work." Opposing hypotheses were submitted for defendant, and in addition the jury was informed that if plaintiff was not using ordinary and reasonable care for his own safety and did not make reasonable and proper effect to remain on, or to hold on, to the car, he could not recover.

Besides a demurrer, two instructions were refused for defendant. They were manifestly improper. Both omitted any question of plaintiff's inexperience and both prevented a recovery if plaintiff voluntarily placed himself at the brake when he got upon the car, and omit all question of the foreman allowing him to remain there and ordering him to stop the car.

We think no error was committed and hence affirm the judgment. All concur.